**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| EDWARD RICHARD DRESSLER,<br>        Appellant, | DOCKET NUMBER<br>PH-3443-14-0263-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>        Agency. | DATE: September 25, 2014 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Edward Richard Dressler, Toms River, New Jersey, pro se.

Barbara M. Dale, Esquire, Newport, Rhode Island, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his reassignment from a supervisory position to a nonsupervisory position for lack of Board jurisdiction and as untimely.  For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The agency promoted the appellant from a Security Specialist position to a Supervisory Security Specialist position on May 11, 2008.  Initial Appeal File (IAF), Tab 4 at 4-6.  In a May 6, 2009 letter, the agency informed the appellant that he had failed to satisfactorily complete the requisite supervisory probationary period for this position.  IAF, Tab 10 at 9.  Therefore, he was reassigned back to the Security Specialist position.  IAF, Tab 8 at 14, Tab 10 at 10.  This resulted in a loss of pay.[2]  IAF, Tab 8 at 14.

¶3    The appellant appealed his reassignment to the Board more than 4 years later, in October 2013.  IAF, Tab 1.  He acknowledged the lateness of his filing but attributed this to an agency error or misrepresentation.  *Id*. at 6.

¶4    The administrative judge issued an acknowledgment order, directing the appellant to meet his burden of proof regarding both Board jurisdiction[3] and the timeliness of his appeal.  IAF, Tab 2 at 2-3.  The appellant responded, arguing that there had been a discrepancy in his official personnel folder.  IAF, Tab 4 at 2.  He presented evidence that consisted of two Standard Form (SF) 50s, which contained conflicting start dates for his probationary period.  *Id*. at 5-6.  One

---

[2] Based upon the record before us, it is unclear whether the appellant's reassignment also resulted in a reduction in grade.

[3] The administrative judge's acknowledgment order directed the appellant to establish jurisdiction but failed to explain how he could do so.  IAF, Tab 2 at 2; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).  However, any error was cured by an agency submission, which explained that the appellant could establish jurisdiction by showing that either (1) he was not required to serve a probationary period, or (2) he completed his probationary period before the reduction in grade.  IAF, Tab 8 at 8; *see Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 6 (2007) (an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking).

listed a start date of May 11, 2008, while the other listed a start date of July 6, 2008. *Id*. The appellant argued that the agency only provided him with the SF-50 reflecting the later date, causing him to believe that he had no recourse for the demotion because he had not completed his supervisory probationary period. *Id*. at 2. However, he asserted that, if the May 11, 2008 date is controlling, then he completed his probationary period and was wrongfully reassigned. *Id*. The appellant claimed that he only learned of the SF-50 reflecting May 11, 2008, as his probationary start date in October 2013, while searching his electronic official personnel folder in conjunction with a job application. *Id*. In addition, the appellant argued that he should not have been required to serve a supervisory probationary period because his prior U.S. Postal Service experience included a management position from January 1985 to November 1986, and supervisory experience from November 1986 to March 1988. IAF, Tab 6 at 2.

¶5      The agency responded with a motion to dismiss, arguing that the appellant failed to prove Board jurisdiction over his appeal and that he failed to show good cause for his untimely filing. IAF, Tab 8 at 9-12. The agency presented evidence consisting of the letter removing the appellant from his supervisory role and reassigning him to his prior Security Specialist position, as well as the corresponding SF-50. IAF, Tab 8 at 14, Tab 10 at 9-11. The agency did not explain the discrepancy in the SF 50s.

¶6      Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction and as untimely filed without good cause. IAF, Tab 1 at 3, Tab 16, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has replied. PFR File, Tabs 3-4.

<u>The administrative judge failed to properly address whether the appellant completed his supervisory probationary period.</u>

¶7      In his petition for review, the appellant again alleges that he completed his probationary period. PFR File, Tab 1 at 6-8. He argues that May 11, 2008, was

the start to his 1-year probationary period and that he completed the probationary period at the end of his tour of duty on May 8, 2009, prior to his removal from the supervisory position. *Id*. at 7. Based on our review, we find that further development of the record is required.

¶8 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant bears the burden of proving that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i). To be entitled to a jurisdictional hearing, an appellant need only raise nonfrivolous allegations that the Board has jurisdiction over his appeal. *Levy v. Department of Labor*, 118 M.S.P.R. 619, ¶ 5 (2012).

¶9 The Board has jurisdiction to review an appeal of a reduction in grade or pay. 5 U.S.C. § 7512(3)-(4); *Levy*, 118 M.S.P.R. 619, ¶ 6. However, an "initial appointment as a supervisor" does not "become [ ] final" until the appointee completes a period of supervisory probation. 5 U.S.C. § 3321(a)(2); *Levy*, 118 M.S.P.R. 619, ¶ 11. An employee who was promoted to a supervisory position and does not satisfactorily complete the supervisory probationary period "shall be returned to a position of no lower grade and pay than the position from which the individual was . . . promoted." 5 U.S.C. § 3321(b); *Levy*, 118 M.S.P.R. 619, ¶ 11. A return to a lower-graded or paid position under such circumstances is not appealable under 5 U.S.C. §§ 7512(3)-(4) and 7513(d). 5 C.F.R. §§ 315.901, 315.908(a). Accordingly, where the facts suggest that an appellant would have been a probationary supervisory at the time of the alleged reduction in grade or pay, to establish jurisdiction, he must show that either (1) he was not required to serve a supervisory probationary period, or (2) he completed his probationary period before the reduction in grade. *See Levy*, 118 M.S.P.R. 619, ¶ 11; 5 C.F.R. §§ 315.904, 315.907.

¶10 The appellant provided SF-50s with conflicting information regarding the beginning date of his probationary period. IAF, Tab 4 at 4-6. However, the

agency has admitted that May 11, 2008, was the controlling date for the start of his probationary period, noting that this was the date cited in the letter demoting the appellant from the supervisory position.  IAF, Tab 10 at 6, 9.  Accordingly, the administrative judge found that the appellant's supervisory probationary period ran from May 11, 2008, through May 10, 2009.  ID at 6.  The parties do not dispute this finding on review.  *See* PFR File, Tab 1 at 7-8 (the appellant argues that he completed this probationary period, even if it were required), Tab 3 at 7 (the agency acknowledges that the probationary period began on May 11, 2008).  The administrative judge next concluded that the appellant did not complete this probationary period because he was reassigned, effective May 9, 2009, within the 1-year probationary period.  ID at 6.  However, the administrative judge failed to address Board precedent establishing that, in order to be effective before the completion of a probationary period, a removal from a supervisory position must occur prior to the end of the tour of duty on the last day before the anniversary date.  *See Hawkins v. Department of Treasury*, 52 M.S.P.R. 686, 690 (1992).[4]

¶11      In *Hawkins*, the employee began a 1-year supervisory probationary period on July 1, 1990, and his anniversary date, July 1, 1991, fell on a Monday.  *Id*.  The agency's notice and SF-50 both indicated that he was to be demoted, effective Saturday, June 29, 1991, but they did not state that the action was effective at a time prior to the completion of his tour of duty.  *Id*.  The Board

---

[4] In addition to Board precedent, *Hawkins* cited the Federal Personnel Manual (FPM) for the proposition that a probationary period is completed when an employee finishes his last tour of duty before his anniversary date.  *Hawkins*, 52 M.S.P.R. at 690.  However, the FPM was abolished on December 31, 1993.  *See Honea v. Department of Homeland Security*, 118 M.S.P.R. 282, ¶ 9 n.3 (2012), *aff'd*, 524 F. App'x 623 (Fed. Cir. 2013).  Nevertheless, OPM's current Operating Manual, The Guide to Processing Personnel Actions, continues to provide that an initial appointment probationary period ends at the end of the employee's tour of duty on the last work day of the probationary period.  OPM, The Guide to Processing Personnel Actions, Chapter 31, section 5(b), www.opm.gov/feddata/gppa/gppa.asp (last visited Sept. 17, 2014); *see Honea*, 118 M.S.P.R. 282, ¶ 9 n.3.

remanded the case, directing the administrative judge to take further evidence as to when the appellant completed his probationary period. *Id*. at 690-91. The Board noted that if, for example, the appellant had no tours of duty on Saturday or Sunday, then he would have completed his probationary period at the end of his tour of duty on Friday, June 28, 1991. *Id*. at 690.

¶12      The facts in this case are similar to those in *Hawkins*. The appellant's supervisory anniversary date appears to fall on May 11, 2009, which was a Monday. *See* IAF, Tab 4 at 6 (SF-50 reflecting a 1-year probationary period beginning May 11, 2008), Tab 10 at 9 (demotion letter indicating that the probationary period began on May 11, 2008). The agency's demotion letter and SF-50 indicate that the appellant's demotion was effective 2 days earlier, on Saturday. *See* IAF, Tab 8 at 14, Tab 10 at 10. However, the agency's demotion letter identifies the appellant's last day in the supervisory position as Friday, May 8, 2009, and his report date for the nonsupervisory position as Monday, May 11, 2009, suggesting that he had no tours of duty on the Saturday or Sunday before his Monday anniversary. *See* IAF, Tab 10 at 10. Nevertheless, other factors may establish that the agency took all necessary actions prior to completion of the appellant's last probationary tour of duty to carry out his demotion. *See Honea*, 118 M.S.P.R. 282, ¶¶ 7, 10 (finding that the agency took all necessary actions by collecting all government-issued property and escorting the employee from the workplace hours before the end of his last tour of duty prior to the end of his probationary period).

¶13      On remand, the administrative judge should allow the parties to submit further evidence and should hold a jurisdictional hearing to determine on what days the appellant was scheduled to work and whether he completed his final tour of duty at the end of his probationary period. *See Hawkins*, 52 M.S.P.R. at 690. The administrative judge accordingly should make findings as to whether he completed the supervisory probationary period.

<u>The administrative judge failed to properly address whether the appellant was exempt from serving a supervisory probationary period.</u>

¶14    In his petition for review, the appellant also alleges that he should not have been required to serve a supervisory probationary period with the agency because he had prior supervisory and managerial experience with the U.S. Postal Service. PFR File, Tab 1 at 8-10.  We find that further development of the record is required on this issue as well.

¶15    As detailed above, where the facts suggest that an appellant would have been a probationary supervisory at the time of the alleged reduction in grade, to establish jurisdiction over his chapter 75 adverse action appeal, he must show that either (1) he was not required to serve a supervisory probationary period, or (2) he completed his probationary period before the reduction in grade. *Levy*, 118 M.S.P.R. 619, ¶ 11.  Pursuant to 5 C.F.R. § 315.904(b), "[a]n employee is required to complete a single probationary period in a supervisory position and a single probationary period in a managerial position, regardless of the number of agencies, occupations, or positions in which the employee serves."

¶16    The administrative judge found that the appellant was required to serve a supervisory probationary period for the agency because his prior supervisory experience with the U.S. Postal Service was not immediately preceding the appointment in question, in the same line of work, in the same agency, and with no more than one break in service of less than 30 days. *See* ID at 6-7.  However, the administrative judge seems to have erroneously relied on the rules for an initial appointment to the competitive service.  *See* 5 C.F.R. § 315.802(b).  While those requirements for counting prior service exist for the probationary period of an initial appointment to the competitive service, *id*., they do not exist for the supervisory probationary period, *see* 5 C.F.R. §§ 315.904, 315.906.

¶17     On remand, the administrative judge should allow the parties to submit further evidence and to provide testimony at the jurisdictional hearing ordered above to determine whether the appellant had previously completed a creditable

supervisory probationary period, exempting him from serving another.  We note that prior supervisory experience, alone, is insufficient.[5]  The regulation requires completion of a supervisory probationary period.  *See* 5 C.F.R. § 315.904(b).

If the appellant establishes that he completed or was exempt from supervisory probation, the administrative judge should reconsider whether good cause exists for the untimeliness of the appeal.

¶18        An appellant bears the burden of proof on the issue of timeliness.  *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 5 (2011); 5 C.F.R. § 1201.56(a)(2)(ii).  Generally, an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later.  *Mauldin*, 115 M.S.P.R. 513, ¶ 5; 5 C.F.R. § 1201.22(b).  The Board will dismiss an appeal not filed within the time limit unless the appellant establishes good cause for the delay in filing.  *Mauldin*, 115 M.S.P.R. 513, ¶ 5; 5 C.F.R. § 1201.22(c).

¶19        The administrative judge correctly found that the appeal was untimely filed by more than 4 years.  ID at 7.  However, she erred in finding the record sufficiently developed to conclude that the appellant did not show good cause for his delay.  ID at 7-8.

¶20        In order to establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of the excuse and the showing of due diligence, whether the appellant is proceeding pro

---

[5] The appellant alleged that his management service with the U.S. Postal Service began in January 1985, IAF, Tab 6 at 2, but the evidence he presented indicates that it began in January 1986, *id*. at 12.  In addition, while he presented evidence that he began a Manager/Postmaster position in November 1986, *id*. at 13, his evidence is silent as to how long he kept that position.  More importantly, his evidence does not contain any indication that he completed a supervisory probationary period in either U.S. Postal Service position, or that either required he do so.

se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to timely file his appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶21        Pursuant to 5 C.F.R. § 1201.21(a), an agency is obligated to notify an employee of his right of appeal to the Board when it takes an appealable action. The agency's reassignment letter provided the appellant with that notice but specified that he could appeal the reassignment to the Board only if he believed the reassignment was based on partisan political reasons or marital status or the reassignment was not effected in accordance with procedural requirements. IAF, Tab 10 at 10-11; *see* 5 C.F.R. § 315.908 (detailing the limited appeal rights of supervisors reassigned to nonsupervisory positions during a supervisory probationary period). However, if the appellant completed his supervisory probationary period, as he alleges, then the agency's notice of limited Board appeal rights was flawed in that it was overly restrictive. *See* 5 U.S.C. §§ 7512(3)-(4), 7513(d) (providing Board appeal rights for a reduction in grade or pay).

¶22        When an agency provides inadequate notice of Board appeal rights, the appellant is not required to show that he exercised due diligence in attempting to discover his appeal rights but rather must show diligence in filing the appeal after learning that he could. *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 6 (2013). Here, the administrative judge relied on a finding that the appellant was on notice of his appeal rights at the time of his demotion, in May 2009, to conclude that he failed to show good cause for the untimely appeal. ID at 8. However, if the appellant completed or was exempt from the probationary period, the administrative judge erred in failing to further develop the record regarding the appellant's diligence in learning of his right to appeal his demotion from his supervisory position as a chapter 75 adverse action, in light of the agency's flawed notice.

Depending upon what the administrative judge determines on the jurisdictional and timeliness questions, the administrative judge may need to decide if the agency violated the appellant's constitutional right to minimum due process of law.

¶23    On remand, depending upon how the administrative judge rules on the jurisdictional and timeliness questions, the administrative judge may then need to decide if the agency's action cannot stand and should be reversed because the agency violated the appellant's due process rights. *See Goss v. Lopez*, 419 U.S. 565, 574-75 (1975); *Fuentes v. Shevin*, 407 U.S. 67, 80-81 (1972) (where a party's property interest is affected by state action, he is entitled to at least minimum due process). If the administrative judge decides that the appellant was entitled to appeal to the Board, then it appears that he would have had a constitutionally-protected property interest in his employment. *See* 5 U.S.C. § 7511(a)(1)(A)-(B); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Thus (again depending upon what the administrative judge determines on jurisdiction and timeliness), before the agency could have taken an adverse action (here, a reduction in pay and possibly a reduction in grade) against the appellant, the agency should have: (1) afforded him prior written notice of the charges against him; (2) explained the basis for its action; and (3) granted him an opportunity to present his side of the story. *See* 5 U.S.C. § 7513(b)(1); *Loudermill*, 470 U.S. at 546. The appellant's right to minimum due process is absolute and does not depend upon the merits of his claim. *See Carey v. Pips*, 435 U.S. 247, 266 (1978).

¶24    On remand, the administrative judge should first make a new jurisdictional determination. If jurisdiction is established, because the appellant completed or was exempt from the probationary period, the administrative judge should then make a new timeliness finding. In making that new timeliness finding, the administrative judge should consider the adequacy of the agency's notice of Board appeal rights, and the appellant's diligence in filing after learning of his appeal rights. Finally, depending upon what the administrative judge determines

on the jurisdictional and timeliness questions, the administrative judge may need to decide whether the agency violated the appellant's constitutional right to due process.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:            _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.