Charles W. ANDERSON, Petitioner,

v.

DEPARTMENT OF COMMERCE, Respondent.

No. 00–3382.

United States Court of Appeals, Federal Circuit.

Jan. 11, 2001.

Before PAULINE NEWMAN, RADER, and BRYSON, Circuit Judges.

DECISION

PER CURIAM.

Charles W. Anderson seeks review of the decision of the Merit Systems Protection Board in Docket No. DC–0752–00–03 18–I–1, dismissing his appeal for lack of jurisdiction. We *affirm*.

## BACKGROUND

In 1977, Mr. Anderson was convicted of atrocious assault and battery, assault with intent to kill, assault with a dangerous weapon, and possession of a dangerous weapon after shooting his wife. He was incarcerated for those crimes until 1984, when he was paroled. In 1987, he was reincarcerated when he was convicted of several additional crimes and was found to have violated his parole. In 1993, after being released from custody, he applied for federal employment, completing three copies of the standard federal employment application form, SF–171. Each form asked whether the applicant had ever been convicted of a felony, had ever been convicted of a firearms violation, or within the previous 10 years had been convicted or had been on parole. Mr. Anderson falsely answered "No" to each of those three questions on each of the three application forms.

Following his submission of the SF–171 application forms, Mr. Anderson was hired as a patent examiner by the United States Patent and Trademark Office (PTO). He began work at the PTO on August 22, 1994.

During his tenure at the PTO, Mr. Anderson was accused on three occasions of inappropriate behavior towards female co-workers. During the course of the investigation of those allegations, the PTO discovered Mr. Anderson's criminal record and the fact that he had falsified his job applications. On January 14, 2000, the PTO notified him that he would be removed from federal service effective January 18, 2000. That decision was based on the second charge of inappropriate behavior and on Mr. Anderson's false statements on his applications.

On January 18, 2000, Mr. Anderson went to the PTO office and filled out SF–52, a form that is denominated "Request for Personnel Action" and is used for employee resignations. Mr. Anderson filled in certain portions of the form, including his name, his social security number, his date of birth, the "Reasons for Resignation/Retirement," and the date. He also signed the form. In the section of the form asking for "Reasons for Resignation/Retirement," he wrote "starting my own business." Other portions of the form were apparently completed by PTO personnel employees.

Mr. Anderson subsequently appealed his removal to the Merit Systems Protection Board, claiming that his resignation was involuntary and his removal unlawful. The Board held that Mr. Anderson had voluntarily resigned from the PTO on January 18, 2000. Because the Board lacks jurisdiction over employee-initiated actions such as voluntary resignations, it dismissed his appeal for lack of jurisdiction.

## DISCUSSION

■ Resignations are presumed to be voluntary; the Board treats a resignation as equivalent to a removal action only if the employee can demonstrate that the resignation was involuntary in that it was the result of duress, coercion, or misinformation from the agency. *See Staats v. United States Postal Serv.,* 99 F.3d 1120, 1123–27 (Fed.Cir.1996).

■ The fact that Mr. Anderson resigned pending his imminent removal does not establish that his resignation was coerced unless he can show that the PTO knew that it could not substantiate the removal action. This court has explained:

> Where an employee is faced merely with the unpleasant alternatives of resigning or being subject to removal for cause, such limited choices do not make the resulting resignation an involuntary act. On the other hand, inherent in that

proposition is that the agency has reasonable grounds for threatening to take an adverse action. If an employee can show that the agency knew that the reason for the threatened removal could not be substantiated, the threatened action by the agency is purely coercive. *Schultz v. United States Navy,* 810 F.2d 1133, 1135 (Fed.Cir.1987).

Mr. Anderson does not challenge the Board's finding that he lied on his SF–171 employment application, nor has he established that those falsifications would not have provided reasonable grounds for his removal. Accordingly, he has not shown that the PTO knew the removal action could not be substantiated. The impending removal action therefore did not render his resignation involuntary on the ground that he was coerced into resigning.

■ Contrary to Mr. Anderson's contention, substantial evidence supports the Board's conclusion that his resignation was not the product of misleading conduct by the PTO, and that he was aware that the form he signed constituted his resignation. The SF–52 form that he signed states in three separate places that it is for "Resignation/Retirement." In Part E of the form, which includes the bold-faced heading "Employee Resignation/Retirement," Mr. Anderson responded to a question marked "Reasons for Retirement/Resignation" by writing "starting my own business." Mr. Anderson does not dispute that he signed the form. Under these circumstances, the Board's finding that he knowingly elected to resign and that his resignation was not the product of misleading conduct by the agency is supported by substantial evidence and therefore must be sustained.

■ We also reject Mr. Anderson's argument that his removal, which was to be effective on January 18, 2000, predated

and therefore nullified his resignation, which was submitted on the same date. Unless a time of day is specified, separations from federal employment are regarded as taking effect at midnight of the effective date. *See Toyens v. Dep't of Justice,* 58 M.S.P.R. 634, 636 (1993), *review dismissed,* 22 F.3d 1106 (Fed.Cir. 1994) (table); *see also Hardy v. Merit Sys. Prot. Bd.,* 13 F.3d 1571, 1573 (Fed.Cir. 1994) (resignation effective as of 4:00 p.m., because that time was specified for separation). Mr. Anderson's resignation, which took place earlier on the day of January 18, 2000, therefore preceded the effective time of the removal action. Accordingly, we uphold the Board's decision that Mr. Anderson failed to show that his resignation was involuntary because it was the product of coercion or misleading conduct by the agency, or that it was ineffective because it came after the effective time of his removal.