UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TALENI TIALINO,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DOCKET NUMBER<br>SF-0752-14-0513-I-2<br><br><br>DATE: February 23, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Pete Gonzales, Victorville, California, for the appellant.

Larry F. Estrada, Esquire, Los Angeles, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 By memorandum dated January 27, 2014, the agency proposed to remove the appellant from his position as an Engineering Equipment Operator, WG-10, based on the charges of being on duty under the influence of alcohol to a degree that it interfered with the proper performance of his duties, consuming alcohol while on duty and while in a Government vehicle, using a Government vehicle for other than official purposes, and lack of candor. *Tialino v. Department of the Army*, MSPB Docket No. SF-0752-14-0513-I-1, Initial Appeal File (IAF), Tab 7 at 68. The agency's March 27, 2014 decision letter sustained the charges, found that the penalty of removal promoted the efficiency of the service, and set March 28, 2014, as the effective date of the removal.[2] *Id.* at 50-51. During the morning of March 28, 2014, the appellant submitted to the agency a signed statement that stated "To Whom it May Concern, I Taleni Tialino am resigning today 28 March 2014 to pursue a deferred retirement." IAF, Tab 1 at 8. The

---

[2] The administrative judge improperly referenced August 23, 2011, as the effective date of the agency's removal action. *Tialino v. Department of the Army*, MSPB Docket No. SF-0752-14-0513-I-2, Initial Appeal File, Tab 26, Initial Decision at 1. Based on our review of the record evidence, we construe the administrative judge's misstatement as a drafting error that had no bearing on the substance of her decision and did not otherwise prejudice the appellant's substantive rights.

agency effected the appellant's resignation effective March 28, 2014, for the reason he had provided. IAF, Tab 7 at 21. In his timely-filed Board appeal, the appellant checked boxes indicating that the actions he was appealing were "involuntary resignation" and "involuntary retirement." IAF, Tab 1 at 2. He requested a hearing. *Id.* at 1. The agency moved that the appeal be dismissed for lack of jurisdiction on the basis that the appellant had voluntarily resigned his position. IAF, Tab 7. After determining that the appellant was, at that time, ineligible to retire, the administrative judge issued a comprehensive order setting forth the burden of proof and applicable law concerning the jurisdictional issue raised by the appellant's resignation and directing him to respond. IAF, Tab 8. The appellant argued that his resignation was involuntary because it was based on coercion by the agency and misrepresentation regarding his options upon which he relied, and that he resigned under duress. He also argued that the agency could not have prevailed in the removal action. IAF, Tab 10. In a subsequent submission, the appellant alleged that the agency discriminated against him based on "a disease," retaliated against him because he was a whistleblower, and that he was forced to work in a "toxic environment." IAF, Tab 24. The administrative judge scheduled a jurisdictional hearing, *Tialino v. Department of the Army*, MSPB Docket No. SF-0752-14-0513-I-2, Appeal File (I-2 AF), Tab 7, but subsequently determined that the appellant had waived his right to that hearing. She then issued a close of the record order, I-2 AF, Tab 19, to which both parties responded, I-2 AF, Tabs 20-25.

¶3      In her initial decision, the administrative judge dismissed the appeal for lack of jurisdiction. I-2 AF, Tab 26, Initial Decision (I-2 ID) at 1, 29. She first found that, as of the date of the appellant's resignation, and notwithstanding his more than 36 years of service, he was not eligible to retire under the Federal Employees' Retirement System because, at 54 years, 7 months, and 13 days old, he was 1 year, 4 months, and 18 days shy of 56, the minimum retirement age for individuals born in 1959. *See* 5 U.S.C. § 8412(h)(1)(C); I-2 ID at 7-8. She then

addressed the appellant's claims of agency misinformation, beginning with his claim that he was told that if he appealed and lost, he would lose his retirement benefits, but, after considering the documentary evidence, she concluded that the statement upon which the appellant relied was never made.  I-2 ID at 10-13.  The administrative judge then addressed the appellant's allegation that he was misled about his options, specifically, his eligibility for an immediate retirement, but she found that he did not prove that claim.  *Id.* at 19-22.  The administrative judge considered the appellant's allegation that his resignation was coerced because he was not given sufficient time to consider his options, but she found that he was, in fact, afforded ample time.  *Id.* at 23-24.  She further found that, contrary to the appellant's claim, the agency had reasonable grounds for removing him and that he did not show that the agency knew it would not prevail.  *Id.* at 24-25.  Finally, the administrative judge considered, but found unsupported, the appellant's claims that his resignation was rendered involuntary because he was subjected to a hostile work environment based on the fact that the agency was undergoing a furlough, that he was a whistleblower, and that he was disabled (post-traumatic syndrome).  *Id.* at 26-29.

¶4         The appellant has filed a petition for review, to which the agency has responded in opposition, and the appellant has filed a reply thereto.  Petition for Review (PFR) File, Tabs 3, 5, 9.  To the extent the appellant's reply raises new allegations of error in the initial decision, we have not considered them.[3]  *See* 5 C.F.R. § 1201.114(a)(4).  The union president, Local 777, has submitted a request to file an amicus curiae brief on behalf of the union, PFR File, Tab 8, and the agency has noted its objection, PFR File Tab 10.  We deny the request because we find that the union president does not have a legitimate interest in the proceedings and that his participation will not contribute materially to the proper disposition of this appeal.  *See* 5 C.F.R. § 1201.34(e)(3).

---

[3] We therefore deny the agency's request for leave to respond to the appellant's reply to its response to his petition for review.  PFR File, Tab 11.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly informed the appellant of his jurisdictional burden of proof.</u>

¶5      The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). An employee-initiated action, such as a retirement or a resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary resignation, however, is equivalent to a forced removal and therefore is within the Board's jurisdiction. *See id*; *see also Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). To overcome the presumption that a resignation is voluntary, the employee must show that it was the result of the agency's misinformation or deception or was coerced by the agency. *See Vitale*, 107 M.S.P.R. 501, ¶ 19. Once the appellant presents nonfrivolous allegations of Board jurisdiction—allegations of fact that, if proven, would establish the Board's jurisdiction—he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. *Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1332 (Fed. Cir. 2008) (citing *Garcia*, 437 F.3d at 1344).

¶6      On review, the appellant argues that the administrative judge misinformed him that jurisdiction had been established and never suggested that it was not until she issued the initial decision. PFR File, Tab 3 at 3-4. Contrary to the appellant's claim, the administrative judge properly explained that, if the appellant raised nonfrivolous allegations supporting the Board's jurisdiction, the hearing he requested would be a jurisdictional hearing at which he would bear the burden of proving his claim of involuntariness.[4] IAF, Tab 8. After reviewing the

---

[4] The administrative judge further advised the appellant that, if he met his burden of proving the Board's jurisdiction over his alleged involuntary resignation appeal, the agency then would bear the burden of proving its charges by a preponderance of the evidence. IAF, Tab 8 at 2. In fact, though, if the appellant had proven that his

parties' submissions, the administrative judge found that, based on the appellant's assertion that he was given misinformation that led to his decision to resign his employment rather than be removed, a jurisdictional hearing was required. She found that he made a nonfrivolous allegation that his resignation was involuntary by claiming that he was told that, should he exercise his Board appeal rights but not prevail, he would lose his retirement benefits, but that he did not raise a nonfrivolous allegation of Board jurisdiction based on his claim that he was retiring, not resigning, because he was not, in fact, eligible to retire. The administrative judge, noting that she had made no finding on jurisdiction, issued an initial decision dismissing the appeal without prejudice to refiling, affording the parties an opportunity to prepare for the hearing. IAF, Tab 35, Initial Decision at 2-3.

¶7    The appeal was refiled in accordance with the initial decision, I-2 AF, Tab 1, and a jurisdictional hearing was scheduled, I-2 AF, Tab 7. The appellant then sought to "withdraw hearing on jurisdiction while preserving right to request hearing on merits," arguing that he already had established the Board's jurisdiction and that a date should be established for a hearing on the merits. I-2 AF Tab 11. The administrative judge again explained that: (1) while the appellant had made a nonfrivolous allegation of Board jurisdiction, she had not yet determined whether he had established Board jurisdiction; (2) the issue of jurisdiction would be decided at the hearing; (3) if he waived his right to a hearing, she would decide the issue of Board jurisdiction based on the written record; and (4) if she found that the Board lacked jurisdiction, she would dismiss

resignation was involuntary, the action would have been reversed as a matter of law, although the appellant's relief would have been adjusted to account for his removal. *See Jones v. Department of Agriculture*, 117 M.S.P.R. 276, ¶ 15 (2012); *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶¶ 46-47 (2009). However, because we agree with the administrative judge that the appellant did not prove that his resignation was involuntary, the administrative judge's misstatement did not prejudice the appellant's substantive rights and provides no basis for reversal of the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

the appeal for lack of jurisdiction, but if she found that the Board did have jurisdiction, she would schedule a hearing on the merits. I-2 AF, Tab 12. The appellant continued to maintain that he had established Board jurisdiction and requested a decision so stating. I-2 AF, Tab 14. Following a conference call with the parties' representatives, the administrative judge found that the appellant had knowingly and voluntarily, and without duress or misinformation, waived his right to a jurisdictional hearing, and she issued a close of the record order. I-2 AF, Tab 19. The parties both responded. I-2 AF, Tabs 20-25.

¶8    Based on our review, we find that the appellant has not shown either that the administrative judge misinformed him that jurisdiction was established, or that she did not notify him, prior to issuance of the initial decision, that it was not. Rather, she advised him throughout the proceedings, before and after the dismissal without prejudice, of his burden to establish a nonfrivolous allegation of Board jurisdiction based on the written record, which he did, and of his further burden to establish Board jurisdiction based on evidence produced at a hearing, which he knowingly declined, and that, based on a supplemented written record, and as set forth below, he failed to establish the Board's jurisdiction by demonstrating that his resignation was involuntary.

The appellant failed to establish by preponderant evidence that his resignation was involuntary.

¶9    The appellant argues on review, as he did below, that his resignation was rendered involuntary by the agency's providing him misinformation, specifically, that if he appealed an adverse action and lost, he would lose his retirement benefits. PFR File, Tab 3 at 7. The presumption that a resignation is voluntary can be rebutted by evidence showing that a resignation was the result of agency misrepresentation. *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶ 9 (2010). Where such a claim is made, an appellant must show that: (1) the agency made misleading statements; and (2) he reasonably relied on the misinformation to his detriment. *Id.*; *Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670,

¶ 8 (2009). The administrative judge considered the evidence the appellant submitted in support of his claim, in particular, the statement of his witness that the appellant was told that, if he exercised his appeal rights but lost his appeal, he would lose his retirement benefits. The administrative judge found that the witness's scant recollection of an "indication" by an unnamed agency official to that effect was inadequate to constitute preponderant evidence that the statement was even made, let alone that the appellant relied upon it. I-2 ID at 11-12, 19. Based upon the administrative judge's review of the entire record, she concluded that the witness was not reliable and that, in fact, the statement in question was never made. *Id.* at 12, 19-22. While the appellant disputes the administrative judge's findings of fact and credibility determinations, he has not shown that she erred in weighing the evidence as a whole and in making reasoned conclusions. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶10     On review, the appellant disputes the administrative judge's finding that the appellant failed to show that his resignation was rendered involuntary because the agency knew that it could not prevail in the removal action. PFR File, Tab 3 at 12. Specifically, the appellant argues that the agency never tested him for alcohol and that there was no evidence that he drank a particular brand of beer that was photographed in or near his assigned vehicle. *Id.* at 11-12. The fact that an employee is faced with unpleasant alternatives of resigning or being subject to removal for cause does not rebut the presumed voluntariness of the ultimate choice of resignation. *See, e.g.*, *Schultz v. United States Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987). However, "[i]f an employee can show that the agency knew that the reason for the threatened removal could not be substantiated, the threatened action by the agency is purely coercive." *Id.*

¶11     In finding that the appellant did not make the required showing, the administrative judge considered the evidence in support of the agency's charges and the evidence submitted by the appellant.  I-2 ID at 25.  She found that the appellant failed to show that the agency pursued charges it knew it could not sustain in an effort to coerce his resignation.  *Id.*  The appellant's arguments on review, even if true, are not sufficient to render unsubstantiated the agency's decision to pursue his removal, particularly given the substantial evidence submitted by the agency in support of the action as well as the appellant's own admissions of wrongdoing when confronted the day after the misconduct and his failure to deny the charges during his oral reply.

¶12     The appellant also argues on review that his resignation was involuntary because he was subject to a hostile work environment, in part because the agency was undergoing a furlough, which caused him concern.  PFR File, Tab 3 at 11.  He has not, however, disputed the administrative judge's findings that he (the appellant) was excepted from the furlough during the period of the Government-wide shut down when the misconduct occurred and that there was no threat of a furlough 5 months later when he resigned.  I-2 ID at 27.  The appellant also has not shown that, based on the furlough, his working conditions were rendered so difficult that a reasonable person in his position would have felt compelled to resign.  *See Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010) (stating that, to establish that a resignation was coerced by the agency's creating intolerable working conditions, an appellant must show that a reasonable employee in his position would have found the working conditions so oppressive that he would have felt compelled to resign).  Nor has he shown that his resignation was coerced because he was stressed due to the furlough.  *See Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15 (2011) (stating that a Federal employee is not guaranteed a stress-free working environment), *aff'd sub nom. Brown v. Merit Systems Protection Board*, 469 F. App'x 852 (Fed. Cir. 2012).

¶13     The appellant argues, moreover, that his medical condition was not taken into consideration. PFR File, Tab 3 at 10. When an appellant raises an allegation of discrimination in connection with a claim of involuntariness, the allegation may be addressed only insofar as it relates to the issue of voluntariness. *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 12 (2009). In acknowledging the appellant's allegation that he suffered from post-traumatic syndrome, the administrative judge properly considered whether, based on his claims regarding his condition, his work situation was rendered so difficult that a reasonable person in his position would have felt compelled to resign. I-2 ID at 26; *see Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996) (stating that when allegations of discrimination and reprisal are alleged in connection with a claim of involuntariness, such allegations only may be addressed insofar as they relate to the issue of voluntariness). The administrative judge found, however, that the appellant had not submitted evidence showing that the agency was aware of his impairment at any time prior to taking the action. I-2 ID at 28. The appellant has not challenged this finding on review and thus has not shown that the administrative judge erred in the manner in which she considered his claim.

¶14     The appellant further argues on review that the administrative judge erred in failing to consider his claim that the agency retaliated against him for protected disclosures he made regarding "forced alcohol abuse and hazing." PFR File, Tab 3 at 10-11. During the proceeding below, the appellant alleged only that he was retaliated against for disclosing "gross waste of mismanagement," I-2 AF, Tab 22 at 2, and he never further explained his claim. As she did with the appellant's claim regarding his disability, the administrative judge considered whether any evidence of retaliation for protected whistleblowing rendered the appellant's working conditions so difficult that a reasonable person in his position would have felt compelled to resign. I-2 ID at 26. This was the correct approach. *See Markon*, 71 M.S.P.R. at 578. She found, however, that the allegation was too sparse to support any such inference. I-2 ID at 27. Although the appellant

attempts on review to add specificity to his claim, he has not shown why he failed to do so below, and, in any case, he has not shown that retaliation on the part of the agency for any disclosures he may have made rendered his working conditions so difficult that a reasonable person in his position would have felt compelled to resign.[5]

The appellant's other claims of adjudicatory error do not establish a basis to disturb the initial decision.

¶15    On review, the appellant makes numerous other claims of adjudicatory error.  For example, he complains that the administrative judge erred in allowing the agency to submit its response to his appeal almost 3 months late, "without reasonable explanation."  PFR File, Tab 3 at 1.  To the contrary, the record reflects that the agency representative requested an enlargement of time to submit its response because its previously-designated initial contact person, to whom the Board acknowledged the appeal, had retired, thereby causing delays in the assigned representative's ability to timely respond.  IAF, Tab 5A.  In requesting the extension, the agency representative indicated that the appellant's representative had consented to it.  *Id.*  The administrative judge granted the agency's request, although to a lesser extent than what it sought.  IAF, Tab 6; *see* I-2 ID at 2 n.1.  The appellant has not challenged the agency's explanation and has not argued that he was harmed in any way by the administrative judge's granting the agency's request.  As such, the appellant has not shown that the administrative judge abused her discretion in this regard.  *See* 5 C.F.R. § 1201.41(b)(5)(ii), (8).

¶16    The appellant suggests on review that the administrative judge may have issued the initial decision prematurely and that, if additional clarification, evidence, or information was necessary, "it should have been obtained."  PFR

---

[5] There is no indication that the appellant brought a claim of reprisal for whistleblowing to the Office of Special Counsel (OSC).  If he believes he was retaliated against on that basis, then he may contact OSC.

File, Tab 3 at 1. The administrative judge repeatedly advised the appellant that it was his burden to establish the Board's jurisdiction over his appeal and what was necessary for him to establish jurisdiction. After the record closed, the appellant filed a pleading in which he advised the administrative judge that he could provide additional affidavits or clarification "if the court deems that such information is necessary to clarify jurisdiction." I-2 AF, Tab 24 at 6. The administrative judge found that the appellant had had ample opportunity to address the jurisdictional issue and that no further clarification was needed. I-2 ID at 4 n.3. We agree. The appellant has failed to assert on review what further information he would, or could, have provided or how it would affect the jurisdictional disposition of this appeal. We therefore find that he did not show that the administrative judge abused her discretion in this matter. *See* 5 C.F.R. § 1201.41(b)(5)(ii), (iii).

¶17     Next, the appellant claims that the administrative judge erred by disregarding the "non-interested, non-biased witnesses," that is, the appellant's witnesses. PFR File, Tab 3 at 1, 5, 9. He also challenges the administrative judge's credibility determinations. *Id.* at 10. The administrative judge carefully considered the documentary evidence submitted by both parties, including statements, sworn and unsworn, by agency officials and by the appellant and other individuals who supported his version of events. I-2 ID at 8-20. She applied the Board's decisions in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981) (explaining that the assessment of the probative value of hearsay evidence necessarily depends on the circumstances of each case) and *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (holding that to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible), I-2 ID at 6-7, in concluding that the appellant failed to establish

that his resignation was involuntary.[6]  Based on the appellant's arguments on review, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby*, 71 M.S.P.R. at 105-06.  We find, therefore, that the appellant has failed to show that the administrative judge disregarded his witnesses or that she otherwise abused her discretion in weighing the evidence.

¶18    The appellant also asserts on review that the agency failed to follow the labor-management agreement by not notifying him of how he could improve his performance and seek help for a medical condition.  PFR File, Tab 3 at 9.  To the extent that provisions of the labor-management agreement address an employee's opportunity to improve his performance before the agency takes action against him, such provisions would bear, if at all, on the merits of the agency's removal action and not the dispositive jurisdictional issue in this appeal, which is the voluntariness of the appellant's resignation.

¶19    The appellant further argues on review that the administrative judge exhibited bias in favor of the agency.  *Id.*, at 4.  Specifically, the appellant contends that the administrative judge yelled at him and his representative without allowing them to speak "in numerous hearings."  According to the appellant, the administrative judge was upset that he had asked her to recuse herself from the case because of bias and other unspecified misconduct.  *Id.*  The appellant also alludes to a prior relationship between the administrative judge and agency counsel.  *Id.* at 7.

¶20    An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence deep-seated favoritism or antagonism that would make fair

---

[6] The Board has approved adapting the principles for resolving credibility issues to cases where no testimony occurred and the appeal was decided solely on the basis of the parties' written submissions.  *Goode v. Defense Logistics Agency*, 45 M.S.P.R. 671, 674 n.2 (1990).

judgment impossible. *Young v. U.S. Postal Service*, [115 M.S.P.R. 424](#), ¶ 19 (2010). Further, an allegation of bias by an administrative judge must be raised as soon as practicable after a party has reasonable cause to believe that grounds for disqualification exist, and must be supported by an affidavit. *Simmons v. Small Business Administration*, [115 M.S.P.R. 647](#), ¶ 10 (2011). Although the appellant asserts that he requested a new administrative judge during the proceedings below, PFR File, Tab 3 at 7, he has submitted no evidence to show that he did so. Therefore, he has not met these basic requirements and has failed as well to overcome the presumption of honesty and integrity that accompanies administrative adjudicators.[7] *See Oliver v. Department of Transportation*, [1 M.S.P.R. 382](#), 386 (1980).

¶21        On review, the appellant also argues that his removal was actually effective on Thursday, March 27, 2014, and not Friday, March 28, 2014, as the agency alleged and the administrative judge found, because Friday was not a regular work day for him and that, therefore, he was removed before he resigned. PFR File, Tab 3 at 8, 12-13. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, [4 M.S.P.R. 268](#), 271 (1980). The appellant has made no such showing. Moreover, he has offered no support for his theory and we are aware of none.[8] Separations, other than resignations, are effective on

---

[7] The appellant also argues on review that the administrative judge had ex parte communications during conference calls on unidentified merits issues in the absence of the appellant or his representative. PFR File, Tab 3 at 3. Because the appellant did not raise this argument below, we need not consider it. *See Banks v. Department of the Air Force*, [4 M.S.P.R. 268](#), 271 (1980) (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

[8] The appellant may be misinterpreting the principle that an employee's probationary period ends on his last day in a duty status. *See Honea v. Department of Homeland Security*, [118 M.S.P.R. 282](#), ¶ 6 (2012) (stating that, to terminate an individual while still in a probationary status, the separation action must be effected prior to the end of

the date set by the agency.  Office of Personnel Management Guide for Processing Personnel Actions, chapter 31, 5c.  While such separations are usually effective on midnight of the effective date set in the decision notice, here the decision notice stated that the removal would be effective at the close of business on March 28, 2014. IAF, Tab 7 at 51; *Toyens v. Department of Justice*, 58 M.S.P.R. 634, 636 (1993).  The appellant, however, submitted his resignation during the morning of March 28, 2014.  IAF, Tab 1 at 8.  Thus, the effective time of the appellant's resignation preceeded the effective time of the appellant's removal, and therefore the removal did not nullify the resignation.  *See Anderson v. Department of Commerce*, 4 F. App'x 784, at *2 (Fed. Cir. 2001).[9]

¶22     The appellant alleges that the "testimony" of a coworker who was not available earlier is a critical part of the jurisdictional case and "can be expanded" on remand.  PFR File, Tab 4 at 11.  Beyond his mere assertion, the appellant has not shown that any evidence from the coworker was, in fact, unavailable before the record closed despite the appellant's due diligence.  Thus, we need not consider it.  *See Sachs v. Office of Personnel Management*, 99 M.S.P.R. 521, ¶ 7 (2005) (stating that the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).  Moreover, the appellant has not submitted the evidence on review or otherwise shown that it is of sufficient weight to warrant

the individual's tour of duty on the last day of probation, which is the day before the anniversary date of his appointment), *aff'd*, 524 F. App'x 623 (Fed. Cir. 2013).  That principle has no application to the facts of this appeal.

[9] The Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit if it finds the court's reasoning persuasive.  *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, [3 M.S.P.R. 345](), 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Accordingly, the Board will not consider any such evidence.

¶23    The appellant also has submitted with his petition his own sworn statement and another from one of his witnesses. PFR File, Tab 3 at 15-16. Although both statements are dated after the close of the record below, the appellant has not shown that the information contained in the statements was unavailable before the record closed below, despite his due diligence. Thus, we need not consider it. *See Sachs*, [99 M.S.P.R. 521](), ¶ 7 (stating that, to constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed).

¶24    Finally, the appellant has submitted an article from the March 2015 issue of the Federal Times entitled "Resign, retire, or be fired?" PFR File, Tab 3 at 17. Although this evidence is new, it has no bearing on the dispositive jurisdictional issue in this case, which is the voluntariness of the appellant's resignation, and therefore is not material. *See Russo*, 3 M.S.P.R. at 349. Accordingly, the Board will not consider this evidence.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[10]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[10] In the initial decision, the administrative judge provided the appellant with mixed-case appeal rights. I-2 ID at 33-34. Because we have found that the administrative judge properly dismissed the case for lack of jurisdiction, nonmixed-case appeal rights are appropriate. *Caros v. Department of Homeland Security*, [122 M.S.P.R. 231](), ¶ 22 (2015). We have provided the appellant the correct review rights in this Final Order.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.