# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDREW SCOTT GORDON,
        Appellant,

    v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
AT-315H-19-0480-I-1

DATE: May 29, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew Scott Gordon</u>, Fleming Island, Florida, pro se.

<u>Jennifer Ann Misciagna</u>, Jacksonville, Florida, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The following facts are undisputed. On July 23, 2018, the agency appointed the appellant to the competitive service position of GS-05 Production Controller, subject to a 2-year initial probationary period. Initial Appeal File (IAF), Tab 5 at 44. Effective April 15, 2019, the agency terminated the appellant for post-appointment attendance reasons. *Id.* at 26-30.

The appellant filed a Board appeal and requested a hearing. IAF, Tab 1 at 2. He contested the merits of the termination, alleging that the agency failed to train him properly, mishandled some leave-related matters, and targeted him for termination in violation of an unspecified prohibited personnel practice. *Id.* at 4, 6. The administrative judge issued a jurisdictional order, notifying the appellant of how to establish jurisdiction over a probationary termination appeal under 5 C.F.R. part 315, subpart H and a removal appeal under 5 U.S.C. chapter 75. IAF, Tab 3 at 2-4. She ordered the appellant to file evidence and argument on the issue. *Id.* at 4-5. The appellant did not respond, and the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 5.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID). She found that

the appellant was serving an initial 2-year probationary period under 10 U.S.C. § 1599e, the agency terminated him during that period for post-appointment reasons, the appellant was not an employee with chapter 75 appeal rights, and the appellant did not allege that his termination was based on marital status or partisan political reasons. ID at 2-4.

The appellant has filed a petition for review, stating that he did not receive the jurisdictional order until after the initial decision was issued. Petition for Review (PFR) File, Tab 1 at 4-5. He alleges that, prior to his appointment to the competitive service, he worked as a contractor at the same location doing essentially the same job. *Id.* at 6. He also contests the merits of his termination and explains that the agency failed to afford him the Disabled Veteran Leave to which he was entitled. *Id.* The appellant has attached documentation to support his allegations. *Id.* at 8-28. The agency has filed a response in opposition to the petition for review.[2] PFR File, Tab 3.

## ANALYSIS

To establish Board jurisdiction under chapter 75, an individual covered under 10 U.S.C. § 1599e must show that he is not serving the 2-year initial probationary period prescribed under that section or that he has completed 2 years of current continuous service. *Bryant v. Department of the Army*, 2022 MSPB 1, ¶¶ 8-9; *see* 5 U.S.C. § 7511(a)(1)(A).[3] Prior Federal civilian service can be

---

[2] The appellant was granted two extensions of time to reply to the agency's response, but he ultimately declined to file a reply. PFR File, Tabs 4-7.

[3] Section 1599e provided, inter alia, that an individual appointed to a permanent competitive-service position at the Department of Defense (DOD) was subject to a 2-year probationary period and only qualified as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) (2016) if he completed 2 years of current continuous service. On December 27, 2021, President Biden signed into law the National Defense Authorization Act for Fiscal Year 2022 (2022 NDAA), Pub. L. No. 117-81, 135 Stat. 1541. The 2022 NDAA repealed the 2-year probationary period for DOD appointments made on or after December 31, 2022. Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950. The 2022 NDAA is not applicable here because, as set forth above, the appellant's competitive service appointment was made on July 23, 2018. IAF, Tab 5 at 44.

credited towards completion of a later probationary or trial period in a competitive service position if the employee shows that: (1) the prior service was performed in the same agency; (2) it was performed in the same line of work; and (3) it was completed with no more than one break in service of less than 30 days. *McCrary v. Department of the Army*, 103 M.S.P.R. 266, ¶ 10 (2006); 5 C.F.R. § 315.802(b)

On review, the appellant appears to argue that his previous employment as a contractor in a similar line of work could be tacked onto his service as a Production Controller in order to satisfy the 2-year probationary period. PFR File, Tab 1 at 6-7. However, we find that employment as a Government contractor is not "Federal civilian service" that may be credited toward the completion of a probationary period. 5 C.F.R. § 315.802(b); *see generally* 5 U.S.C. § 2101(a) (defining "civil service" as "all appointive positions in the executive, judicial, and legislative branches of the Government of the United States, except positions in the uniformed services"). There is nothing in the record to indicate that the appellant ever held a civil service position prior to his most recent appointment, much less a position in which his service could be counted toward the completion of his probationary period or toward 2 years of current continuous service. We therefore affirm the administrative judge's finding that the appellant lacks Board appeal rights under chapter 75. ID at 3-4; *see Bryant*, 2022 MSPB 1, ¶ 9.

For individuals terminated for post-appointment reasons, there is a regulatory right of appeal under 5 C.F.R. § 315.806, but this is limited to cases in which the appellant alleges that the termination resulted from discrimination based on marital status or partisan political reasons. *See Mastriano v. Federal Aviation Administration*, 714 F.2d 1152, 1155 (Fed. Cir. 1983); *Cunningham v. Department of the Army*, 119 M.S.P.R. 147, ¶ 8 (2013). The appellant in this case has not raised any such allegation, and we therefore agree with the administrative judge that the Board lacks jurisdiction over this appeal under 5 C.F.R. § 315.806.

ID at 3; *see Honea v. Department of Homeland Security*, 118 M.S.P.R. 282, ¶ 10 (2012), *aff'd*, 524 F. App'x 623 (Fed. Cir. 2013). The appellant's arguments on review concerning the merits of his termination and his entitlement to Disabled Veteran Leave are immaterial to the jurisdictional issue.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.