NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL A. HONEA,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**DEPARTMENT OF HOMELAND SECURITY,**
*Intervenor.*

---

2012-3199

---

Petition for review of the Merit Systems Protection Board in No. DE315H110178-I-1.

---

Decided: April 8, 2013

---

MICHAEL A. HONEA, of Douglas, Arizona, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. With him on the brief were

JAMES M. EISENMANN, General Counsel, and KEISHA
DAWN BELL, Deputy General Counsel.

SHARON A. SNYDER, Trial Attorney, Commercial Liti-
gation Branch, Civil Division, United States Department
of Justice, of Washington, DC, for intervenor. With her on
the brief were STUART F. DELERY, Principal Deputy Assis-
tant Attorney General, JEANNE E. DAVIDSON, Director,
and Claudia Burke, Assistant Director.

-----

Before LOURIE, BRYSON, and PROST, *Circuit Judges.*

PER CURIAM.

Michael A. Honea appeals *pro se* from the final deci-
sion of the Merit Systems Protection Board ("Board")
dismissing for lack of jurisdiction his appeal of his termi-
nation from the Department of Homeland Security
("DHS"). *Honea v. Dep't of Homeland Sec.*, No. DE-315H-
11-0178-I-1 (M.S.P.B. Jul. 9, 2012). Because the Board
correctly dismissed Honea's appeal, we *affirm*.

## BACKGROUND

Honea was employed by the Bureau of Customs and
Border Protection, part of DHS, as a Telecommunication
Specialist, effective January 4, 2010. His position was a
career conditional position in the competitive service,
subject to a one-year probationary period. His normal
tour of duty was from 6:00 a.m. until 2:30 p.m. On Janu-
ary 3, 2011, the last day of his one-year probationary
period, Honea was terminated.

That day, Honea arrived at work at around 6:00 a.m.
His supervisor shortly thereafter informed him that he
was being terminated and provided him with the agency's
letter of termination, which noted that Honea was being
terminated for a lack of technical skills and because of the
presence of unapproved software on his agency-provided

thumb drive. The letter, which Honea signed acknowledging receipt, stated that the effective date of termination was January 3, 2011, but did not specify a time, and advised him of his right to appeal. Honea was then taken through the out-processing procedures, including collecting his computer, radio, badge, and other property, and was then escorted from the facility by 9:00 a.m. Honea was paid for a full 8 hour tour of duty for his last day. DHS later approved a Standard Form 50 Notification of Personnel Action ("SF-50") documenting the termination as effective January 3, 2011, but without mentioning a specific termination time. Honea appealed his termination to the Board.

The administrative judge ("AJ") issued an Acknowledgment Order summarizing the appeal rights available to both probationers and employees who have completed an applicable probationary period. The AJ ordered Honea to show cause why his appeal should not be dismissed for lack of jurisdiction. Honea responded, alleging that DHS failed to note a specific time of day on his termination paper work, thus terminating him effective at the end of the day. DHS moved to dismiss the appeal, arguing that Honea was terminated during his probationary period and hence that he had no right to appeal.

The AJ issued an order finding that Honea had made a nonfrivolous allegation of Board jurisdiction, entitling him to a hearing on the issue of jurisdiction. After reviewing additional submissions and oral argument, the AJ issued a bench decision. The AJ found that agency personnel actions are generally effective at midnight at the end of the effective date unless another time is specified. Because the letter of termination and the SF-50 did not specify a time, the AJ determined, consistent with *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672 (1991), that Honea's termination was effective at midnight on January 3, 2011, and thus he completed his probationary period before the effective date of the termi-

nation.   The AJ accordingly found that the personnel action must be reversed because Honea was not afforded the minimum due process rights under 5 U.S.C. § 7513. The AJ then issued an initial decision, incorporating his bench decision.   DHS petitioned for review by the full Board.

The Board vacated the AJ's initial decision and dismissed the appeal for lack of jurisdiction.   The Board explained that *Stephen* did not hold that a written notice must identify the time of separation to cause a probationary termination to be on the last day of the probationary period.   Instead, the Board held that other evidence could be used to establish the time of termination.   Given the undisputed facts, the Board concluded that Honea was terminated before the end of his tour of duty.   Because Honea was a probationary employee at the time of termination, the Board dismissed Honea's appeal for lack of jurisdiction.   This appeal followed.   We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited.   We can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."   5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).   The scope of the Board's jurisdiction is a question of law, which we review *de novo.  Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

A probationary employee has a limited right of review granted by regulation.   Where termination of a probationer is made for post-appointment reasons, the probationer is limited to seeking review of that termination on the grounds that it was based on partisan political or marital

status reasons, none of which were alleged by Honea. *See* 5 C.F.R. § 315.806. If an agency terminates an individual after he has completed that probationary period, that individual is entitled to the due process under 5 U.S.C. § 7513, including: a right of appeal; 30 days' advance notice of termination with an opportunity to respond; a right to representation by an attorney; and a written decision providing reasons for the personnel action. Thus the question on appeal is whether Honea was a probationary employee at the time of his termination. In other words, was he terminated prior to 2:30 p.m. on January 3, 2011? If so, then the Board lacks jurisdiction over his appeal. If not, then the Board has jurisdiction, and DHS failed to afford Honea his due process rights under § 7513.

Honea alleges that he was terminated after completing his probationary period, and thus that the Board had jurisdiction to hear his appeal. In support of his position, Honea argues that under *Stephen* and the Office of Personnel Management's Guide to Processing Personnel Actions (the "GPPA"), the lack of a termination time listed on either his SF-50 or the termination letter as well as the fact that DHS paid him for a full tour of duty, all support his position that he was terminated after his probationary period had ended.

The primary case relied on by both Honea and the AJ is *Stephen*, 47 M.S.P.R. 672. In *Stephen*, the employee was terminated on the last day of her probationary period. *Id.* at 679. The Federal Personnel Manual ("FPM") provided that an effective pre-probationary period separation must occur prior to the end of the tour of duty on the last day before the end of the probationary period, "since separations are otherwise effective at midnight." *Id.* As neither the termination notice nor the SF-50 in *Stephen* noted a time of termination, the Board determined that the employee had been separated after she completed her probationary period. *Id.*

Here, neither the termination notice nor the SF-50 specified a termination time.  In addition, the GPPA, like its predecessor, the FPM in *Stephen*, cautions that "[a]ll separations are effective at the end of the day (midnight) unless an earlier time is indicated on the Standard Form 50."  OPM, Guide to Processing Personnel Actions 31-6 § 5 (RA 73).  As a consequence, the GPPA states that, if an agency does "terminate the employee during the probationary period, the Standard Form 50 must be effective on a *day prior* to the last day of the probationary period, or at a specific *time of day* before the end of the employee's work day on the last day of the probationary period."  *Id.* at 31-6 § 5(b) (RA 73).  While an agency must comply with the instructions issued by OPM in the GPPA, 5 C.F.R. § 250.101, those regulations do not mandate a finding of Board jurisdiction due to a failure to adhere to the GPPA, 5 C.F.R. § 250.103 (Failing to adhere to the GPPA can result in an order from OPM requiring the agency take corrective action.).  The guidance given in the GPPA is only a relevant consideration in evaluating personnel actions, not a conclusive one.  *See Roman v. C.I.A.*, 297 F.3d 1363, 1368–69 (Fed. Cir. 2002) (noting that internal handbooks are not given the same weight as regulations and citing the GPPA to define "nonpay status"); *Clark v. Office of Pers. Mgmt.*, 95 F.3d 1139, 1140, 1144 (Fed. Cir. 1996) (citing the GPPA on how to calculate length of service for veterans).

We agree with the Board that Honea was terminated before the end of his probationary period.  It stands to reason that if an employee is terminated before he has completed his probationary period, he has been terminated during his probationary period.  That is what occurred here.  In this case, unlike in *Stephen*, the evidence is undisputed that DHS took all the steps required to terminate Honea prior to the end of his tour of duty: (1) the termination letter was delivered and signed; (2) the supervisor advised Honea of his termination; (3) Honea

was taken through the out-processing procedures, including collection of his computer, radio, badge, and other property; and (4) he was escorted from the facility. The fact that the GPPA counsels otherwise is not binding, as it is merely cautionary guidance to the agencies from OPM, like the FPM. *See Tuggle v. Consumer Prod. Safety Comm'n*, 20 M.S.P.R. 100, 102 (1984) ("The FPM, insofar as it includes more than a restatement of statutory and regulatory requirements, constitutes only the Office of Personnel Management's official 'guidance' to agencies."). The failure to include the date on the SF-50 form or the termination letter was at worst an oversight. There is no doubt that, from an objective standpoint, Honea was terminated prior to the end of his tour of duty. The fact that Honea received a full-day's wages is also not relevant to whether the agency completed a personnel action. *See Hardy v. Merit Sys. Prot. Bd.*, 13 F.3d 1571, 1575 (Fed. Cir. 1994). It was just a decent gesture by the agency to pay Honea for a full day even though he only worked part of the day.

All the facts evidence that Honea was terminated before his tour of duty ended at 2:30 p.m.; thus, the Board properly determined that Honea was terminated before his probationary year ended. As Honea was removed during his probationary period, the Board was likewise correct to dismiss his appeal for lack of jurisdiction.

We have considered Honea's remaining arguments and do not find them persuasive. We find no error in the Board's well-reasoned decision. Accordingly, we *affirm*.

**AFFIRMED**