# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS TURNER,
               Appellant,

      v.

DEPARTMENT OF THE ARMY,
               Agency.

DOCKET NUMBER
SF-315H-15-0358-I-1

DATE: September 16, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas Turner</u>, Woodland Hills, California, pro se.

<u>Larry F. Estrada</u>, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the jurisdictional evidence submitted with the petition for review and response, we AFFIRM the initial decision.

¶2      The agency terminated the appellant effective January 23, 2015, alleging that the termination occurred before the end of the appellant's probationary period.[2] Initial Appeal File (IAF), Tab 8 at 4, 10, 12. The appellant appealed the agency's action, IAF, Tab 1, and the agency responded arguing that the Board did not have jurisdiction over the appeal. IAF, Tab 8. The administrative judge, in an initial decision that addressed the parties' arguments in detail, agreed with the agency. He found that the agency appointed the appellant to the competitive-service GS-12 position of Information Technology (IT) Specialist effective January 27, 2014, and that the appointing Standard Form 50 (SF-50) provided that the appellant was subject to a 1-year probationary period. *Id.* at 10. He also found that the agency terminated the appellant on January 23, 2015, before he had completed his probationary period, and thus the Board did not have

---

[2] The Standard Form 50 (SF-50) documenting the appellant's termination is dated January 24, 2015, a Saturday. The appellant's tour of duty was from Monday to Friday. Thus, the appellant's termination was effective at the end of the day on January 23, 2015. *See Honea v. Department of Homeland Security*, 118 M.S.P.R. 282, ¶ 9 (2012) (explaining that separations generally occur at midnight—or more precisely at 11:59p.m.—on the day of the appellant's last tour of duty work day), *aff'd sub nom. Honea v. Merit Systems Protection Board*, 524 F. App'x 623 (Fed. Cir. 2013).

jurisdiction over the appeal. IAF, Tab 22, Initial Decision (ID) at 14. He dismissed the appeal. ID at 20.

¶3 In his petition for review, the appellant asserts for the first time that he was appointed on January 13, 2014, rather than on January 23, 2014, and thus he had completed his probationary period by the date of his termination. In support of this assertion, he submits a copy of a Civilian Leave and Earnings Statement showing that he was on leave without pay for the pay period ending on January 25, 2014. Petition for Review (PFR) File, Tabs 1, 6.

¶4 Generally, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, however, the appellant's evidence goes to the issue of jurisdiction, and the issue of the Board's jurisdiction is always before the Board and may be raised at any time. *Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010). Thus, notwithstanding our denial of the appellant's petition for review, we have considered the evidence relevant to the issue of jurisdiction that he submits with his petition for review.[3]

¶5 The agency addressed the appellant's submission of the Civilian Leave and Earnings Statement in its response to the petition for review. PFR File, Tab 5. Because the agency had no opportunity below to respond to the appellant's evidence that he had been appointed as early as January 13, 2014, we have considered the submissions that it made with its response to the appellant's

---

[3] The appellant also submits for the first time on petition for review a copy of an SF-50 documenting his resignation from an excepted-service position with the Department of Agriculture (USDA) on August 10, 1995. PFR File, Tab 1. As noted, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino*, 3 M.S.P.R. at 214. The appellant has made no such showing regarding the SF-50 from USDA. Further, we find that this submission is not relevant to the issue of whether the Board has jurisdiction over the appellant's termination from the competitive-service position in 2015. Thus, we have not considered it.

petition for review. Attached to the agency's response is an affidavit from an agency Human Resources Specialist stating that, when the job offer to the appellant was finalized, his enter-on-duty date was set for January 13, 2014, and an SF-50 Request for Personnel Action was generated for that date. PFR File, Tab 5 at 14. She states further that this SF-50 was later cancelled because the appellant was unable to report for duty until January 27, 2014, and a new Request for Personnel Action was generated for the enter-on-duty date of January 27, 2014. *Id*. Attached to the affidavit are SF-50s supporting the affiant's statement. *Id*. at 15-19.

¶6        Considering the parties' evidence relevant to the issue of jurisdiction submitted for the first time on petition for review, we find that the administrative judge properly found that the agency appointed the appellant to the competitive service GS-12 position of IT Specialist effective January 27, 2014, and terminated him effective January 23, 2015, while he was still serving his probationary period.[4]

¶7        In his petition for review, the appellant generally also disagrees with the administrative judge's findings on the alleged bases of jurisdiction raised by the appellant below. PFR File, Tab 1. The Board will not disturb an administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues before him. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105–06 (1997);

---

[4] The agency also submitted a motion for leave to object to or to address the appellant's new evidence and argument on petition for review. PFR File, Tab 7. Because we have considered the agency's submissions in response to the evidence submitted by the appellant with his petition for review, and find that those submissions are dispositive of the jurisdictional issue he raised, we deny the agency's motion to submit additional evidence.

On September 7, 2015, following the agency's submission of its motion for leave to object to or address the appellant's new evidence, the appellant filed a motion for leave to respond to any submission filed by the agency should the Board grant the agency's motion. Because we deny the agency's motion, we also deny the appellant's.

*Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).   Our review shows that the administrative judge complied with the requirements of *Crosby* and *Broughton* in making detailed findings of fact, and we discern no reason to disturb those findings.  He properly found the appellant failed to establish Board jurisdiction under 5 U.S.C. chapter 75 because he failed to show that he was an individual in the competitive service who either:  (1) was not serving a probationary or trial period under an initial appointment, or (2) had completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.  *See* 5 U.S.C. § 7511(a)(1)(A); *Sosa v. Department of Defense*, 102 M.S.P.R. 252, ¶ 6 (2006).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 					_____
								William D. Spencer
								Clerk of the Board

Washington, D.C.