## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AKBAR SALAHUDDIN,
                Appellant,

       v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
CH-315H-16-0305-I-1

DATE: December 15, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rocky Gannon</u>, Fort Knox, Kentucky, for the appellant.

<u>Michael A. Suire</u>, Fort Knox, Kentucky, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack or jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency appointed the appellant to a competitive‑service GS-6 Human Resources Assistant position effective March 23, 2015. Initial Appeal File (IAF), Tab 9 at 10. The appointment was subject to completing a 1-year probationary period. *Id.* The agency terminated the appellant for failure to demonstrate fitness for continued Federal employment, effective at the close of business on March 21, 2016. *Id.* at 12-16. He filed an appeal with the Board alleging that he should be considered an "employee" for jurisdictional purposes because he completed 365 days of current continuous service. IAF, Tab 1 at 6.

¶3 The administrative judge provided the appellant with notice of his jurisdictional burden and ordered him to provide evidence and argument establishing why the appeal should not be dismissed for lack of jurisdiction. IAF, Tab 3 at 2-5. In response, the appellant again argued that he had completed 1 year of current continuous service because he had served for 365 days. IAF, Tab 5 at 4. He did not allege partisan political reasons or marital discrimination. The agency responded that it properly terminated the appellant during his probationary period. IAF, Tab 9 at 6-9.

¶4	In an initial decision, the administrative judge dismissed the appeal without holding the requested hearing, finding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction.  IAF, Tab 1 at 2, Tab 10, Initial Decision (ID) at 1-2.  The administrative judge found that the appellant had served in his appointment for only 364 days and, thus, that the appellant was still a probationer when the agency terminated him before the anniversary date of his appointment.  ID at 3.

¶5	The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He reargues that he was employed for 365 days and therefore meets the 1 year of current continuous service requirement for Board jurisdiction under 5 U.S.C. § 7511(a)(1)(A).  PFR File, Tab 1.  The agency has not responded to the petition for review.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶6	The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of proving jurisdiction by a preponderance of the evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).

¶7	Probationary employees generally have limited appeal rights before the Board. *McChesney v. Department of Justice*, 55 M.S.P.R. 512, 515 (1992), *aff'd*, 5 F.3d 1503 (Fed. Cir. 1993) (Table).  A competitive-service appointee qualifies as an employee for the purposes of Board jurisdiction if he "is not serving a probationary or trial period under an initial appointment; or has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A); *see McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002) (explaining that an individual may establish that she is a competitive-service employee under either of these alternative definitions).

¶8        A probationer in the competitive service who does not meet the statutory definition of "employee" may still appeal termination decisions to the Board, but only if he alleges discrimination because of his marital status or partisan political affiliation or alleges that the requisite termination procedures were not followed. 5 C.F.R. §§ 315.805, 315.806; *see Blount v. Department of the Treasury*, 109 M.S.P.R. 174, 177 (2008).  The administrative judge correctly determined that the appellant did not allege that he was discriminated against because of his marital status or political affiliation, nor did he allege that any termination procedures were violated.  ID at 3.  Thus, we find that the appellant has not shown that he has a right to appeal his termination on any of those grounds.

¶9        To terminate an individual while that person is still a probationer, the separation action must be effected before the end of his tour of duty on the last day of his probation, which is considered to be the day before the anniversary date of his appointment.  *Honea v. Department of Homeland Security*, 118 M.S.P.R. 282, ¶ 6 (2012), *aff'd per curiam*, 524 F. App'x 623 (Fed. Cir. 2013) (Table); 5 C.F.R. § 315.804(b).  The anniversary date of the appellant's appointment was March 23, 2016, which would make March 22, 2016, the last day of his probation.  IAF, Tab 9 at 10-11.  Since the appellant was terminated at the close of business on March 21, he was terminated before the last day of his probation.  *Id.* at 12, 16.  Therefore, we find that the agency terminated him during his probationary period.

¶10        The appellant contends on review that he served for 365 days and thereby met the requirement of 1 year of current continuous service.[2]  PFR File, Tab 1 at 4.  However, an appellant completes the 1 year of current continuous service, thus satisfying the requirement for Board appeal rights, when he is separated after

---

[2]  The appellant cites to 5 U.S.C. § 7511(a)(1)(C)(ii), which refers to "current continuous service" in the context of excepted-service appointments.  PFR File, Tab 1 at 4.  We interpret his argument as invoking 5 U.S.C. § 7511(a)(1)(A)(ii), which also contains this language.

more than a year from the date on which he entered his position.[3] *Calixto v. Department of Defense*, 120 M.S.P.R. 557, ¶ 19 (2014). Accordingly, the appellant's first year of current continuous service, like his probationary period, would have concluded upon the end of his tour of duty on March 22, 2016. *Id.* (finding that the first year of current continuous service for an appellant appointed on January 31, 2011, ended on January 30, 2012). Therefore, we affirm the dismissal of the appellant's appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[3] The appellant cites *Tom v. Department of the Interior*, 32 M.S.P.R. 126 (1987), to support his assertion that 365 days is equal to 1 year of current continuous service. PFR File, Tab 1 at 4, 17-23. However, *Tom* does not support the appellant's argument. Rather, the Board in that case rejected an agency's contention that the appellant was not an excepted-service employee because he was in a nonpay status during the year preceding the adverse action at issue. *Tom*, 32 M.S.P.R. at 128-29. Here, the appellant was a competitive-service appointee, not an excepted-service appointee, and the agency has not claimed that he had a break in service. IAF, Tab 9 at 10.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                            Jennifer Everling
                            Acting Clerk of the Board

Washington, D.C.