# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

COURTNEY L. JONES,
   Appellant,

  v.

SOCIAL SECURITY
  ADMINISTRATION,
   Agency.

DOCKET NUMBER
PH-315H-21-0050-I-1

DATE: January 30, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Courtney L. Jones</u>, Philadelphia, Pennsylvania, pro se.

<u>Edward Charles Tompsett</u>, Esquire, Philadelphia, Pennsylvania,
 for the agency.

## BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before
the effective date of Acting Chairman Kerner's designation.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REVERSE the agency's separation action.

**BACKGROUND**

On September 29, 2019, the appellant was appointed to a career-conditional appointment as a GS-05 Contact Representative. Initial Appeal File (IAF), Tab 5 at 18. On September 28, 2020, the agency issued the appellant a Notice of Termination During Probationary Period for unacceptable conduct due to continued absences and failure to follow leave requesting procedures. *Id*. at 11-15. The appellant's termination was effective at the close of business on September 28, 2020. *Id*. at 12.

On November 20, 2020, the appellant filed an appeal using the Board's e-Appeal system, alleging, in part, that she suffered from various medical conditions, she had provided documentation to her supervisor regarding the same, and her termination was in retaliation for a grievance that she filed against her supervisor. IAF, Tab 1 at 5. The administrative judge issued an acknowledgment order, notifying the appellant that the Board may not have jurisdiction over her appeal, explaining the applicable legal standards for establishing jurisdiction over a probationary termination, and ordering the appellant to file evidence or argument that established a nonfrivolous allegation of Board jurisdiction. IAF, Tab 3 at 2-5. The appellant did not respond to the order.

Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant was a probationary employee and she had not alleged that her termination was due to pre-appointment reasons or the result of marital status discrimination or partisan political reasons. IAF, Tab 6, Initial Decision (ID) at 3-4. The administrative judge also noted that,

because she found that the Board lacked jurisdiction over the appeal, she need not address the timeliness of the appeal.  ID at 4 n.2.

The appellant filed a petition for review, stating that she did not know that she had to provide additional documentation to prove her case.  Petition for Review (PFR) File, Tab 1 at 3-4.  The agency responded in opposition to the appellant's petition for review.  PFR File, Tab 3.  Because the record on timeliness was not developed in front of the administrative judge, the Board issued a show cause order, providing the appellant with the opportunity to present argument and evidence to establish that her appeal was timely filed or good cause existed for the filing delay.  PFR File, Tab 4.  The appellant responded, explaining that she thought she had timely filed her appeal, but the appeal had remained in draft form in e-Appeal, which she only learned after calling the Board.  PFR File, Tab 5 at 4.

**ANALYSIS**

<u>The appellant was an employee under 5 U.S.C. chapter 75 with a statutory right to appeal her termination to the Board.</u>

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Only individuals meeting the definition of an "employee" set forth in 5 U.S.C. § 7511 have a statutory right to appeal an adverse action to the Board.  5 U.S.C. §§ 7511(a)(1), 7513(d).  To qualify as an "employee" with appeal rights under chapter 75, an individual in the competitive service must show that she either "is not serving a probationary or trial period under an initial appointment; or . . . [has] completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less."  5 U.S.C. § 7511(a)(1)(A); *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013).  A probationary employee does not have a

statutory right to appeal her termination because she is not considered an "employee" under 5 U.S.C. chapter 75.  5 U.S.C. § 7511(a)(1)(A).

It is well settled that, to terminate a person while that person is still a probationer, the separation action must be effectuated prior to the end of the probationer's tour of duty on the last day of probation, which is the day before the anniversary date of her appointment.  *Honea v. Department of Homeland Security*, 118 M.S.P.R. 282, ¶ 6 (2012), *aff'd*, 524 F. App'x 623 (Fed. Cir. 2013); *Burke v. Department of Justice*, 53 M.S.P.R. 372, 375 (1992).  The appellant's 1-year anniversary date was September 29, 2020, and the agency terminated the appellant, effective close of business on September 28, 2020.  IAF, Tab 5 at 11-15, 18.  Therefore, at the time the action became effective, the appellant had completed her probationary period, and she was a competitive service employee with a statutory right to appeal her termination to the Board.  5 U.S.C. §§ 7511(a)(1)(A)(i), 7513(d).  Thus, contrary to the administrative judge's finding, the Board has jurisdiction over this appeal.  ID at 3-4.

The appellant has established good cause for the untimely filing of her appeal.

Because we find that the Board has jurisdiction over this appeal, we must address the timeliness issue.  Generally, an appellant must file an appeal with the Board no later than 30 calendar days after the effective date, if any, of the action being challenged, or 30 calendar days after the date she receives the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b)(1).  Here, the appellant was separated, effective September 28, 2020, and therefore, an appeal of the separation action was due on or before October 28, 2020.  IAF, Tab 5 at 11-15.  The appellant did not file her appeal until November 20, 2020.  IAF, Tab 1.  Accordingly, we find the appeal to be untimely filed by 23 days.

To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the

Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, the appellant, who is pro se, explained that she thought she had filed her appeal on October 20, 2020, which would have been a timely filing. PFR File, Tab 5 at 4. It was not until she contacted the Board on November 19, 2020, that she learned that she had not executed the final step of submitting the appeal, and that her appeal was still in draft form in e-Appeal. PFR File, Tab 5 at 4-10. She then promptly corrected the error, filing her appeal on November 20, 2020. IAF, Tab 1.

The Board has found good cause for filing delays under circumstances similar to those presented here. *See Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶¶ 6-8 (2010) (excusing a 2-month delay in filing a petition for review when the appellant reasonably believed he had timely filed the petition for review); *Livingston v. Office of Personnel Management*, 105 M.S.P.R. 314, ¶ 9 (2007) (finding good cause for a 3-week delay in filing a petition for review when the appellant reasonably believed he had timely filed his petition for review); *Rodgers v. U.S. Postal Service*, 105 M.S.P.R. 297, ¶ 7 (2007) (excusing an 11-day delay in filing a petition for review when the appellant reasonably believed he had timely filed the petition for review). For instance, in *Lamb v. Office of Personnel Management*, 110 M.S.P.R. 415, ¶ 9 (2009), the Board excused a 14-day filing delay when the pro se appellant believed that he had timely filed his appeal but he had exited e-Appeal without submitting it, and on realizing the error, he acted with due diligence by contacting the Board and filing his appeal immediately thereafter. Therefore, because the appellant reasonably believed she

had timely filed her appeal and acted diligently when she realized the error, we find that she established good cause for the filing delay.

The agency action must be reversed because it violated the appellant's right to minimum due process of the law.

An agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives her of her property right in her employment constitutes an abridgement of her constitutional right to minimum due process of law, i.e., prior notice and opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). As explained above, the agency effectuated the appellant's separation after she had completed her probationary period and did not provide the appellant with an opportunity to respond. IAF, Tab 5 at 11-15. Therefore, the procedures used by the agency did not comport with a tenured employee's right to minimum due process of the law. *See Clairborne v. Department of Veterans Affairs*, 118 M.S.P.R. 491, ¶ 8 (2012). Accordingly, the appellant's separation must be reversed. *See Samble v. Department of Defense*, 98 M.S.P.R. 502, ¶ 14 (2005).

## ORDER

We ORDER the agency to cancel the appellant's separation and to restore the appellant to her GS-05 Contact Representative position, effective close of business September 28, 2020. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due,

and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The

regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐   1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐   2) Settlement agreement, administrative determination, arbitrator award, or order.

☐   3) Signed and completed "Employee Statement Relative to Back Pay".

☐   4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐   5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐   6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐   7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions (if applicable).
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.