**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SANDY CAMPBELL, | DOCKET NUMBER |
| Appellant, | SF-315H-24-0696-I-1 |
| v. | |
| DEPARTMENT OF | DATE:  March 3, 2026 |
| TRANSPORTATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sandy Campbell</u>, Kent, Washington, pro se.

<u>Christopher T. Hall</u>, <u>Karen Sealy</u>, and <u>Rodney Love</u>, Washington, D.C.,
for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

We agree with the administrative judge's findings in the initial decision, which the appellant's arguments on review provide no reason to disturb. The record supports the administrative judge's conclusion that the appellant did not make a nonfrivolous allegation that he was an "employee" as defined in 5 U.S.C. § 7511(a)(1)(A), as he had not completed his probationary period and had less than 1 year of civilian service at the time of his termination. Initial Appeal File (IAF), Tab 9 at 26, 28-29, 32, Tab 12, Initial Decision (ID) at 10-13. For the first time on review, the appellant argues that his employment lasted longer than 1 year because he had a pending "medical leave" request on the date of his termination. Petition for Review (PFR) File, Tab 1 at 3. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Here, the appellant has not explained why this argument could not have been raised before the administrative judge, and thus we need not consider it. In any event, we find that there is no legal authority

prohibiting an agency from terminating an employee with a pending leave request on the date of his termination. At any rate, the appellant was terminated when the agency notified him in writing as to why he was being separated and the effective date of the action. *See Honea v. Department of Homeland Security*, 118 M.S.P.R. 282, ¶¶ 6-7, 10 (2012), *aff'd*, 524 F. App'x 623 (Fed. Cir. 2013); 5 C.F.R. § 315.804(a) (2024). As correctly observed by the administrative judge, the appellant received the termination letter on August 20, 2024, several days before the anniversary date of his appointment, which informed him that his termination was effective that same day. ID at 11-12; IAF, Tab 2 at 3, Tab 9 at 28-30, 32.

On review, the appellant asserts that his termination was based on "political affiliation," which is a slight recharacterization of the "political intimidation" claim he raised before the administrative judge. PFR File, Tab 1 at 3, 11-12; IAF, Tab 7 at 4, 16-17. We find no reason to disturb the administrative judge's explained conclusion that the appellant has not made a nonfrivolous allegation of discrimination based on "partisan political reasons," i.e., discrimination based on his affiliation with a political party or candidate, which could have been a basis for jurisdiction pursuant to 5 C.F.R. § 315.806(b) (2024).[2] ID at 15; *see Rhodes v. Department of Commerce*, 86 M.S.P.R. 476, ¶ 9 (2000). We similarly find that the appellant has not provided any basis to disturb the administrative judge's explained conclusion that the appellant has not nonfrivolously alleged any other basis for jurisdiction under 5 C.F.R. § 315.806 (2024).

We agree with the administrative judge's determination that the Board lacks jurisdiction over the appellant's claims of prohibited personnel practices, such as discrimination, reprisal, and sexual harassment, absent an otherwise

---

[2] Effective June 24, 2025—after the appellant's termination—OPM rescinded subpart H of part 315 of Title 5 of the Code of Federal Regulations pursuant to Executive Order No. 14,284. Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 26727-01 (June 24, 2025).

appealable action.  PFR File, Tab 1 at 3; ID at 16 n.8; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

In his petition for review, the appellant states that he is "also filling [sic] a future IRA appeal over [his] termination and also submit[s] for administrative remedies with OSC."  PFR File, Tab 1 at 3.  The administrative judge informed him of his burden to establish jurisdiction over an individual right of action (IRA) appeal.  IAF, Tab 6; ID at 16-17.  The appellant has indicated that he has not yet exhausted his administrative remedies with the Office of Special Counsel (OSC).  PFR File, Tab 1 at 3.  As such, we agree with the administrative judge's conclusion that the Board lacks IRA jurisdiction at this time.  ID at 17.  However, our decision is without prejudice to the appellant filing an IRA appeal should he first exhaust his remedies with OSC.

With his petition for review, the appellant submits for the first time documents related to his equal employment opportunity (EEO) claims.  PFR File, Tab 1 at 13-28.  The appellant has not explained why he did not submit them previously.  *See Fox v. U.S. Postal Service*, 81 M.S.P.R. 522, ¶¶ 4-5 (1999) (explaining that the Board will not consider evidence submitted for the first time on petition for review when it was previously available but a party elected not to file it with the administrative judge).  Additionally, the EEO documents contain no information pertinent to the issue of jurisdiction and are therefore not material to the outcome of this appeal.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.